**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EDUCATION EVALUATORS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL ASSOCIATION OF CREDENTIAL EVALUATION SERVICES, INC., SUSAN BEDIL, NANCY KATZ, AND ROGER MILLER <br><br> Defendants. | CIVIL ACTION NO. 09-CV-00071 (GMS) |

**JOINT STATUS AND RULE 26(f) REPORT**

Pursuant to Federal Rules of Civil Procedure 16 and 26, and District of Delaware Local Rule 16.1, Plaintiff Education Evaluators International, Inc. ("EEI") and Defendants National Association of Credential Evaluation Services, Inc. ("NACES"), Susan Bedil, Nancy Katz, and Roger Miller (together with EEI, the "Parties") respectfully submit this Joint Status and Rule 26(f) Report.

1.    **Jurisdiction and Service**

The Parties agree that this Court has subject matter jurisdiction over EEI's antitrust claim under 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over EEI's pendent state-law claims under 28 U.S.C. § 1367. The Parties further agree that this Court has personal jurisdiction over each of them. No Party remains to be served.

2.    **Substance of the Action**

    A.    **EEI's Statement**

EEI alleges that the defendants' purported revocation of EEI's membership in its trade

association — NACES — violated federal antitrust law, Delaware law of unfair competition, and the by-laws of NACES itself.  EEI complied with the criteria for, and obligations of NACES membership.  Defendants selectively prosecuted EEI and none of the four bases on which defendants advocated revocation was valid under the by-laws.  Defendants' unreasonable exclusion of EEI from NACES also violated Section 1 of the Sherman Act because it effectively eliminated EEI's ability to compete in the market (or submarket) of foreign credential evaluations submitted to academic institutions and state licensing boards — a market that NACES dominates.  EEI's membership in NACES was a critical factor in its ability to attract clients.  The purported revocation constituted unfair competition under Delaware law because it was arbitrary and capricious and defeated EEI's reasonable expectation of, and ability to attract clients based on its NACES membership.

### B.    Defendants' Statement

Plaintiff's antitrust claims fail as a matter of law for three independent reasons.  First, Plaintiff failed to allege a relevant product market in which the supposed restraint of trade occurred.  Second, Plaintiff failed to, and cannot, demonstrate that EEI's exclusion resulted in higher market prices or reduced output.  Third, any supposed economic "injuries" suffered by EEI are solely a product of its inferior services, which is what led to revocation of EEI's membership in the first place.

Likewise, Plaintiff's unfair competition claim fails because there is no proof that EEI suffered any injury or that Defendants interfered with any of EEI's business opportunities.  Indeed, Plaintiff has not referenced a single lost business opportunity in its Amended Complaint.  That is because there are none.

Finally, Defendants will demonstrate that revocation of EEI's membership in NACES

was justified and consistent with governing By-Laws and Delaware corporate law.  Defendants afforded EEI every opportunity possible to remedy the deficiencies in its business operations. When EEI could not do so, the vast majority of the NACES members voted to revoke Plaintiff's membership.

**3.      Identification of Issues**

 The principal legal and factual issues in dispute include:

a.       whether EEI was in full compliance with the NACES By-Laws, and whether Defendants breached those same By-Laws when it revoked EEI's membership;

b.       whether membership in NACES confers a competitive advantage, the extent to which there is a market for foreign credential evaluation services, whether Defendants restrained trade in that market in violation of the Sherman Antitrust Act by revoking EEI's membership in NACES, and whether Susan Bedil, Nancy Katz or Roger Miller can be personally liable for any alleged antitrust violation;

c.       whether Defendants' activities constituted unfair competition under Delaware law; and

d.       whether, and the extent to which, EEI has been damaged.

**4.      Narrowing of Issues**

**A.      EEI's Statement**

EEI believes that when discovery progresses further, the Parties may be able to narrow certain issues by eliminating claims or defenses prior to trial by way of stipulation or dispositive motions.  EEI has not identified any dispositive or partially dispositive issues ripe for decision on motion at the present time.

-3-

### B.     Defendants' Statement

Defendants believe that all Counts within the Amended Complaint can and should be decided by dispositive motion.  Defendants anticipate filing a motion for summary judgment on all Counts by the conclusion of discovery.

### 5.     Relief

### A.     EEI's Statement

EEI seeks reinstatement of its NACES membership and recovery of the damages proximately caused by the Defendants' purported revocation of its membership, in an amount that has not yet been calculated.  EEI also seeks treble damages under the Sherman Act as well as attorneys' fees, costs, and pre- and post-judgment interest.

### B.     Defendants' Statement

Defendants deny any liability to EEI, and dispute any suggestion that EEI has been damaged.  Defendants further contend that EEI's lawsuit is frivolous, and thus Defendants will ask for an award of attorney's fees at the conclusion of this case.

### 6.     Amendment of Pleadings

### A.     EEI's Statement

EEI considers it foreseeable that during or following third-party discovery of the 20 NACES member companies, it will seek leave to further amend its complaint to add certain member companies or their officers as defendants on the basis of their involvement in the purported revocation of EEI's membership.  EEI therefore requests that the Court set the deadline for any motion for leave to amend as October 14, 2010 — to allow EEI time to conduct sufficient third-party discovery prior to the deadline.

### B.    Defendants' Statement

Defendants see no reason why further amendment of the pleadings should be allowed. This case has been pending before the Court for almost eighteen months. As a former member of NACES, and as a current competitor in the market, EEI is intimately familiar with the history of the Parties' conduct and has ample knowledge to determine what, if any, additional claims it might have.

### 7.    Joinder of Parties

### A.    EEI's Statement

Consistent with its position on amendment of the pleadings, EEI considers joinder of parties foreseeable and requests that the Court set the deadline for any joinder motion as October 14, 2010 — to allow EEI time to conduct sufficient third-party discovery of the 20 NACES member companies prior to the deadline. EEI rejects Defendants' claim below that it seeks to use the deadline for joinder as a "leveraging tool."

### B.    Defendants' Statement

Defendants contend that any and all parties should be added to the Amended Complaint within thirty (30) days. As a former member of NACES, EEI is well aware of the involvement of other members in the revocation process, and has had ample opportunity to decide whether to add additional parties to this lawsuit. EEI only seeks to hold that possibility open for several months as a leveraging tool for negotiations.

### 8.    Discovery

Without limitation and preserving all rights to object to the same, the Parties anticipate that discovery in this action may include the following topics:

     a.     the by-laws, rules, and procedures of NACES;

     b.     NACES' governance practices, including its practices concerning meetings, voting, membership applications, and disciplinary issues;

     c.     the January 29, 2009 special NACES meeting concerning EEI's membership;

     d.     the compliance or non-compliance of EEI and NACES members with NACES' rules and requirements;

     e.     the foreign credential evaluation staff of EEI and NACES members;

     f.     complaints received by EEI and NACES members and responses to those complaints;

     g.     the foreign-credential-evaluation industry, markets within that industry, and competition in those markets;

     h.     the marketing and pricing of foreign-credential-evaluation services;

     i.     the benefits and advantages of NACES membership; and

     j.     the financial performance of EEI and NACES members prior to and following the purported revocation of EEI's NACES membership.

The Parties have exchanged initial disclosures and commenced fact discovery but differ as to the amount of time necessary to complete discovery and thus are proposing alternative discovery schedules in the attached Appendix A. Under EEI's proposal, fact discovery would be completed by January 12, 2011 and expert discovery would be completed by March 30, 2011. Under Defendants' proposal, fact discovery would be completed by August 30, 2011 and expert discovery would be completed by November 30, 2011.

With the exception of the number of depositions (discussed below), the Parties have agreed to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure

and District of Delaware Local Rules.  The Parties also have agreed to limit discovery by stipulating that drafts of expert reports will not be discoverable and that metadata for electronically stored information will be preserved but need not be produced.  Finally, the Parties have agreed to attempt to negotiate search terms for document review in an effort to keep electronic discovery in this case within reasonable limits.

Regarding the number of depositions, Defendants rejected EEI's request to take 25 fact depositions and EEI now proposes a compromise position (also contested) of 120 hours of deposition time on the record (not including questioning by Defendants), which is the approximate equivalent of 17 depositions.  EEI contends that this case is exceptional in that — in addition to the four defendants — there are 19 other companies that were members of NACES at the time of the purported revocation of EEI's membership and that participated in the process leading to that revocation.  In support of its antitrust case, EEI seeks discovery from the NACES members not only regarding the revocation of NACES membership but also regarding each of their individual businesses and their understandings and views of the industry.  Especially since these companies were not bystanders but rather actively involved in the conduct at issue, EEI submits that it should be allotted sufficient time to depose the Defendants and take at least half-day depositions of the NACES members as well as several other third-party witnesses.

Defendants contend that fact depositions should be limited to ten (10) per side, per Federal Rule of Civil Procedure 30.  The Federal Rules were designed to promote efficient and effective litigation.  Deposing each of the twenty NACES members is unnecessarily cumulative and harassing.  As EEI knows as a former member, there are certain companies within the NACES organization that have more institutional knowledge and took a more active role in the group's collective decision to terminate EEI's membership.  EEI should depose those organiza-

tions first.  If EEI believes additional depositions are necessary, it may petition the Court for the same with a more fact-specific explanation as to why it needs to exceed the presumptive limits set within the Rules.

**9.      Estimated Trial Length**

The Parties estimate that trial will take approximately 10 full court days.  The Parties will employ their best efforts to reduce the length of trial by stipulations and expedited means of presenting evidence.

**10.     Jury Trial**

A jury trial had been demanded for all issues triable by jury.

**11.     Settlement**

The Parties have engaged in two rounds of settlement discussions to date and jointly request referral to a magistrate for mediation.

**12.     Other Matters**

a.    The Parties have agreed to produce documents as either hard copies and/or Bates-numbered Group IV TIFF files with an Opticon load file.  The Parties have further agreed that the TIFF files for those documents maintained in electronic format in the usual course of business should be generated directly from the native file and should be produced with links to the original native file.

b.    The Parties have agreed that a protective order is necessary in this action given that confidential business information will be exchanged between competing firms.  The Parties have stipulated to and signed a proposed protective order that has now been entered by the Court.

The Parties propose the following additional scheduling items, which also are set forth alternatively in Appendix A.

c.   The Parties will serve opening expert reports by February 9, 2011 (EEI) or September 30, 2011 (Defendants) and rebuttal expert reports by March 9, 2011 (EEI) or October 29, 2011 (Defendants).

d.   The Parties will submit letter briefs seeking permission to file any summary-judgment motions by April 5, 2011 (EEI) or December 14, 2011 (Defendants).  Answering letter briefs will be filed within five days thereafter (EEI) or two weeks thereafter (Defendants) and reply letter briefs will be filed within three days thereafter (EEI) or one week thereafter (Defendants).

e.   Should the Court permit the filing of summary-judgment motions, opening motion papers will be filed within thirty (30) days after the Court permits such motions, answering papers will be filed 20 days thereafter (EEI) or thirty days thereafter (Defendants), and reply papers will be filed 15 days thereafter.

f.   The Parties will file opening briefs on all motions *in limine* by six weeks prior to the pretrial conference.  Answering briefs on motions *in limine* will be filed within 14 days thereafter and reply briefs will be filed within seven days thereafter.

g.   The Parties will exchange drafts for a joint pretrial order thirty (30) days before the order is due.

13.    **Statement Regarding Conference**

Counsel for the parties have conferred about each of the above matters.

Dated:  July 12, 2010

ASHBY & GEDDES, P.A.                    GREENBERG TRAURIG, LLP


*/s/ Richard L. Renck (# 3893)*            */s/ Gregory E. Stuhlman (#4765)*
Richard L. Renck (DE Bar No. 3893)      Michael J. Maimone (DE Bar No. 3592)
Lauren E. Maguire (DE Bar No. 4261)     Joseph B. Cicero (DE  Bar No. 4388)
500 Delaware Avenue, 8th Floor          Gregory E. Stuhlman (DE Bar No. 4765)
P.O. Box 1150                           The Nemours Building
Wilmington, Delaware  19899             1007 North Orange Street, Suite 1200
Telephone: (302) 654-1888               Wilmington, Delaware 19801
Facsimile:  (302) 654-2067              Telephone: (302) 661-7000
rrenck@ashby-geddes.com                 Facsimile: (302) 661-7360
lmaguire@ashby-geddes.com               MaimoneM@gtlaw.com
                                        CiceroJ@gtlaw.com
*Of Counsel:*                           StuhlmanG@gtlaw.com

Michael A. Charish                      *Of Counsel:*
SCHULMAN & CHARISH LLP
1133 Broadway, Suite 708                Timothy C. Bass
New York, New York  10010               GREENBERG TRAURIG, LLP
Telephone: (646) 328-0786               2101 L Street, N.W., Suite 1000
Facsimile: (646) 915-1663               Washington, D.C .  20037
michael@schulmancharish.com             Telephone: (202) 331-3100
                                        Facsimile: (202) 331-3101
                                        BassT@gtlaw.com

*Attorneys for Plaintiff*               James I. Serota
                                        Anastasia A. Angelova
                                        GREENBERG TRAURIG, LLP
                                        MetLife Building
                                        200 Park Avenue
                                        New York, New York  10166
                                        Telephone: (212) 801-9200
                                        Facsimile: (212) 801-6400
                                        SerotaJ@gtlaw.com
                                        AngelovaA@gtlaw.com

                                        *Attorneys for Defendants*

-10-

**Appendix A**

| DEADLINE | EEI PROPOSAL | DEFENSE PROPOSAL |
|---|---|---|
| Motion for Leave to Amend Pleadings | October 14, 2010 | None allowed |
| Motion to Join Parties | October 14, 2010 | July 30, 2010 |
| Fact Discovery Cut-Off | January 12, 2011 | August 30, 2011 |
| Opening Expert Reports | February 9, 2011 | September 30, 2011 |
| Rebuttal Expert Reports | March 9, 2011 | October 29, 2011 |
| Expert Discovery Cut-Off | March 30, 2011 | November 30, 2011 |
| Letter Brief Seeking to File Summary-Judgment Motion | April 5, 2011 | December 14, 2011 |
| Motions *In Limine* | Six weeks before the pretrial conference | Six weeks before the pretrial conference |
| Exchange Drafts for Pretrial Order | 30 days before the pretrial order is due | 30 days before the pretrial order is due |